UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-60901-CIV-MORENO

STONINGTON INSURANCE COMPANY,

    Plaintiff,

vs.

THE AGRICULTURAL & LABOR PROGRAM, INC., AURELIANO GARCIA-CAMPO, JANE DOE NO. 1, a minor child by and through her parent AJ Doe; JANE DOE NO. 2, a minor child by and through her parents E &R Doe; JANE DOE NO. 3, a minor child by and through her parent B. Doe; JANE DOE NO. 4, a minor child by and through her parent S. Doe;  JANE DOE NO. 5, a minor child; JANE DOE NO. 6; and JANE DOE NO. 7, a minor child,

    Defendants.
_____/

### ORDER DENYING DEFENDANTS JANE DOE NO. 1, JANE DOE NO. 3 AND JANE DOE NO. 4'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants Jane Doe No. 1, Jane Doe No. 3, and Jane Doe No.4's Motion to Dismiss **(D.E. No. 26)**, filed on **October 6, 2008**.

THE COURT has considered the motion, response, reply and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **DENIED** for the reasons stated below.

### I. Background

Plaintiff Stonington Insurance Company (the "Insurer") issued policies of insurance to Defendant The Agricultural & Labor Program, Inc. (the "Insured"). The Insured owns Alphi

Village Green Head Start Program where Defendant Aureliano Garcia-Campo allegedly sexually assaulted several minor children, including Defendants Jane Doe Nos. 1, 2, 3, and 4.

The Insurer filed this declaratory judgment action against the Insured, Defendant Garcia-Campo, and Defendants Jane Doe Nos. 1, 2, 3, and 4, seeking a declaration that any allegations of molestation or abuse by Defendant Garcia-Campo are not covered under the insurance policies issued to the Insured.

The Insured and Defendant Jane Doe No. 2 both answered the complaint. A default final judgment was entered against Defendant Garcia-Campo for failure to answer the complaint. Defendants Jane Doe Nos. 1, 3, and 4 moved to dismiss the complaint asking the Court to abstain from adjudicating this declaratory action in favor of a state forum.

## II.  Legal Standard

A district court's decision whether to exercise jurisdiction in a declaratory action is discretionary. "[T]he district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). "The Declaratory Judgment Act is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.'" *Ameritas v. Variable Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Wilton*, 515 U.S. at 287). "[T]he test in deciding whether to exercise jurisdiction is whether the controversy 'can better be settled in the proceeding pending in the state court.'" *Mega Life & Health Ins. Co. v. Tordion*, 399 F. Supp. 2d 1366, 1369 (S.D. Fla. 2005) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). "[A] federal court should decline jurisdiction where it 'might be indulging in "gratuitous interference" if it permitted the federal declaratory action to proceed.'" *Tordion*, 399 F. Supp. 2d at 1369.

## III.  Legal Analysis

The Eleventh Circuit set forth a list of non-exclusive guidepost factors a district court should consider to determine whether to retain jurisdiction or dismiss a declaratory judgment action.  *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005).  These factors are as follows:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relationships at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" - that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;

>> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* The Court finds these factors useful in evaluating whether abstention is proper in this case.

First, the Court will evaluate the strength of the state's interest in having the issues raised in the federal declaratory action decided in state courts. Defendants assert, among other things, that the state has an interest in resolving this coverage dispute as it arises out of the sexual assault of children in the state. Although the state clearly has an interest in protecting its children, this Court has an interest in resolving declaratory judgment actions properly brought before it and can rightfully resolve the insurance coverage dispute. 28 U.S.C. § 2201(a) ("any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought"). In fact, the federal courts sitting in this state have resolved insurance coverage disputes involving the sexual abuse of children in this state before. *See TIG Ins. Co. v. Smart School*, 401 F. Supp. 2d 1334 (S.D. Fla. 2005). Undoubtedly, the state's interest in this case is not so strong so as to cause this Court to abstain.

The allegations in this case implicate the second and third *Ameritas* criteria --whether the federal forum can adjudicate the entire case and "settle the controversy". Defendants assert that this Court should not interpret the terms of the policies (i.e. the limits of insurance available to the insureds and who is insured under each policy) because the facts are not known yet and the

Court should decide the meaning of the policies in the context of the facts. However, Defendants can engage in discovery to bring forth the applicable facts, so this Court can decide the meaning of the policies in the context of the facts. In fact, the state court would be in no better position to interpret the policies in light of the facts as the state court cases were filed after this matter and are likely no more advanced than this case.

The fourth *Ameritas* factor is concerned with procedural fencing. Defendants argue that Plaintiff, the insurance company, filed this action "in a rush to the courthouse in an attempt to obtain a ruling by this Court before facts of the claims are known." Defendants assert that "the proper course of action should be to have the state court judge who has jurisdiction over the parties and knowledge of the facts of the underlying claims make the decision regarding coverage." However, this Court also has jurisdiction over the parties, and, as discussed above, this Court will also have knowledge of all relevant facts if Defendants engage in discovery. On balance, the Court does not find that Plaintiff's "rush to the courthouse" warrants abstention.

The fifth *Ameritas* factor -- "whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction" -- also weighs against dismissal. *Ameritas*, 411 F.3d at 1331. Other federal courts have found it proper to retain jurisdiction over insurance disputes such as this and have found there is no friction created by such. *See TIG Ins. Co. v. Smart School*, 401 F. Supp. 2d 1334 (S.D. Fla. 2005) (retaining jurisdiction over a declaratory judgment action regarding an insurance coverage dispute involving the sexual abuse of children). Accordingly, this factor weighs against abstention.

*Ameritas*'s sixth factor requires the Court to examine "whether there is an alternative remedy that is better or more effective." *Ameritas*, 411 F.3d at 1331. This factor seeks to avoid piecemeal litigation. Three separate state court actions, filed after this action, are currently

pending.  The three actions involve different parties, whereas this action involves all parties.  The state court actions are an alternative, but it has not been shown that it is a "better or more effective" alternative.

The seventh and eighth factors concern "whether the underlying factual issues are important to an informed resolution of the case" and if so "whether the state trial court is in a better position to evaluate those factual issues than is the federal court." *Ameritas,* 411 F.3d at 1331.  Defendants filed the state court actions on September 30, 2008.  It is unclear how far those cases have proceeded.  It seems unlikely given the date of the filing of the state court cases that the state court cases are more advanced than this case.  Therefore, the state court is not necessarily in a better position to evaluate the issues.

Finally, the Court must evaluate the ninth factor to determine "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." *Ameritas*, 411 F.3d at 1331.  This action will be determined under Florida statutory and common law as opposed to federal statutory or common law, but this Court is more than capable of applying the necessary state law, so this does not require the Court to abstain.

The *Ameritas* factors do not favor abstention.  The Court can easily resolve the coverage dispute under the insurance policy.  Further, it seems unlikely that the state court actions are far along as they were filed after this action.  Thus, Defendants' Motion to Dismiss is denied.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of February, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record